IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2008 JAN -8 A 10: 13

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

EMMA GIACOMO, by and through her son and next friend, GEORGE ALFORD,

Plaintiff,

vs.

BEVERLY ENTERPRISES-ALABAMA, INC., et al.,

Defendants.

NO. 3:08-CV-19-WKW

**NOTICE OF REMOVAL**

COMES NOW Defendant Beverly Enterprises-Alabama, Inc., (incorrectly identified as BEVERLY HEALTHCARE SERVICES d/b/a BEVERLY ENTERPRISES-ALABAMA, INC.), pursuant to 28 USC §§ 1332 and 1441, and removes this case to the United States District Court for the Middle District of Alabama on the following grounds:

**BACKGROUND**

Plaintiff GEORGE ALFORD, as the son and next friend of EMMA GIACOMO, (hereinafter "GIACOMO"), filed this action on December 4, 2007 in the Circuit Court of Chambers County, Case Number CV-07-900032.00 against Beverly Enterprises-Alabama, Inc., (incorrectly identified as BEVERLY HEALTHCARE SERVICES d/b/a BEVERLY ENTERPRISES-ALABAMA, INC.), (hereinafter, "Beverly-Enterprises-Alabama"). Giacomo's Complaint alleges negligent and wanton provision of medical services and breach of the acceptable standards of medical care in providing those services, as well as liability under a theory of *respondeat superior* for the negligence of Beverly-Enterprises-Alabama's agents and employees. A complete copy of Plaintiff's Complaint is attached as Exhibit 1.

This Notice is being filed within thirty (30) days of service upon Beverly-Enterprises-Alabama, which is within the time allowed by law for removal of this action to the United States District Court.

Attached as Exhibit 2 to this Notice is a complete copy of all documents filed in the Circuit Court file in Chambers County, Alabama to date, including a copy of the Summons served on Beverly-Enterprises-Alabama on December 4, 2007.

**DIVERSITY OF CITIZENSHIP**

The standard for determining the citizenship of a corporation in order to determine diversity jurisdiction is as follows: A corporation is a citizen of (1) its state of incorporation; and (2) the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Beverly Enterprises-Alabama is a corporation established under the laws of California. (Exhibit 3: Aff. of H. Rasmussen Jones. Exhibit 4: Alabama Division of Corporations Summary for Beverly Enterprises-Alabama, Inc.) At all times pertinent to the allegations as set forth in Plaintiff's Complaint, Beverly Enterprises-Alabama, Inc. had its principle place of business in Fort Smith, Arkansas and/or California. (Ex. 3.)

Plaintiff Emma Giacomo is deceased, but at the time of the filing of this lawsuit, resided at the Beverly Healthcare-Lanett, 702 South 13th Street, Lanett, Alabama, 36863.

"Fictitious defendants are not permitted in federal cases, and as such the citizenship of the fictitious defendants are ignored for purposes of federal diversity jurisdiction." *Billingsley v. McWhorter Farms, LLC*, 2007 Westlaw 1219724 n.1 (M.D. Ala. 2007) (slip copy), attached hereto as Exhibit 5, *citing New v. Sports & Rec., Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)

In accordance with 28 U.S.C. § 1332(c)(1), Beverly Enterprises-Alabama, Inc. is a citizen of California and Arkansas. Plaintiff is a resident of the State of Alabama. Fictitious defendants

are ignored for purposes of federal diversity jurisdiction. Accordingly, the parties have complete diversity of citizenship, and this action is removable to this Court, pursuant to 28 USC §§ 1332 and 1441.

**AMOUNT IN CONTROVERSY**

Giacomo's complaint seeks an unlimited and unspecific amount of damages, requesting "judgment against each of the defendants, jointly and severally, including the fictitious party defendants, to be determined by a jury, together with interest from the date of injury, and the costs of this proceeding." Plaintiff also requests an award of punitive damages. (Ex. 1: Compl.)

Generally, the amount in controversy in a given action is determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith. *See Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961) (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Because Giacomo has made an unspecified demand for punitive damages in her Complaint, the burden of proof that the amount in controversy exceeds the $75,000 jurisdictional requirement is by a preponderance of the evidence. *See Tapscott v. MS Dealer Services, Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (*abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000), *cert. denied*, 531 U.S. 957 (2000)).

The appropriate way to measure the amount in controversy is to assume that all of the allegations in the complaint are true and that the jury returns a plaintiff's verdict on all claims made in the complaint. *Jackson v. American Bankers Ins. Co.*, 976 F. Supp. 1450 (S.D. Ala. 1997). The Court applies state law rules regarding the applicable measure of damages and the availability of special and punitive damages. *See, e.g.*, *Ryan v. State Farm Mut. Auto Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991). As demonstrated below by a preponderance of the evidence,

presuming Giacomo prevails at trial, Beverly Enterprises-Alabama, Inc. satisfies its burden of proving the amount in controversy.

**A. Alabama law allows for punitive damages in an unlimited amount to be determined by the jury.**

Under Alabama jurisprudence, a punitive damages claim seeks unlimited damages in an amount to be determined by the jury as sufficient to prevent the type of acts or omissions alleged, and those damages "need bear no particular relationship to the actual damages," *Green Oil Co. v. Hornsby*, 539 So. 2d 218, 222 (Ala. 1989), thus, an award in the instant case may or may not contemplate actual medical costs or any other actual damages. In *Green Oil Co. v. Hornsby,* 539 So. 2d 218, 222 (Ala. 1989), the Alabama Supreme Court stated that "[b]cause the purpose of punitive damages is not to compensate the plaintiff but to punish the wrongdoer and others from committing similar wrongs in the future, the proper amount of punitive damages rests largely within the discretion of the jury." Giacomo is requesting punitive damages "in the amount to be determined by the jury." (Ex. 1: Compl.) Because the Court must (for purposes of determining the amount in controversy), presume Giacomo will prevail and a jury will award the damages requested in plaintiff's complaint, prior jury awards in excess of the required jurisdictional amount serve as a reasonable measure of the amount in controversy in this claim.

**B. The fact that a jury may award punitive damages that far exceed the $75,000 jurisdictional amount is well established in Alabama.**

For purposes of determining the amount in controversy, the law assumes Giacomo will prevail and a jury will award the damages requested in plaintiff's complaint. Recent punitive damages awards in Alabama serve as a reasonable measure of the amount in controversy in this claim and show that the award will exceed the $75,000.00 jurisdictional amount. *See Phillips v. Blue Circle Cement and Lafarge Building Materials*, 2006 WL 4470181 JVR No. 807746,

(Chambers County, Alabama jury awarded the plaintiff $200,000 in compensatory damages and $2,000,000.00 in punitive damages in a retaliatory discharge claim); *Scheurer Sr. v. Moore; Alvey Systems*, 2006 WL 4667762 JVR No. 807746 (Mobile County, Alabama jury awarded plaintiff $5,000,000 in punitive damages for workplace injury); *Sanchez v. Pemberton Construction Co., Inc., et al.,* 2006 WL 2641201 JVR No. 449235(Montgomery County, Alabama jury awarded plaintiff $375,000.00 in punitive damages for workplace injury); *Cunningham v. Aaron Rents*, 2005 WL 4034962 (N.D.Ala.), JVR No. 807106 (Jury awarded plaintiff $300,000 in punitive damages in retaliatory discharge claim); *Brewer v. Dupree, Jr.; Booker*, 2005 WL 4255243 (M.D.Ala.), JVR No. 806391 (jury awarded plaintiff $167,500 in punitive damages for Title VII claim); *McDonald v. H&S Homes, LLC,* 2005 WL 3991893 JVR No. 444445 (Montgomery County, Alabama jury awarded plaintiff $400,000 in punitive damages in fraudulent misrepresentation claim). Giacomo's complaint requests punitive damages in an amount to be determined by the jury (Ex. 1: Compl.) Because the Court must (for the purposes of determining the amount in controversy), presume Giacomo will prevail and a jury will award the damages requested in her complaint, prior jury awards in excess of the jurisdictional amount serve as a reasonable measure of the amount in controversy in this claim.

## CONCLUSION

Complete diversity of citizenship exists among the parties to this suit as Beverly Enterprises-Alabama, Inc. is a resident of the states of California and of Arkansas and Giacomo is a resident of Alabama. Giacomo's Complaint requests punitive damages "in the amount to be determined by the jury" and, given the overwhelming evidence that punitive damages awards "determined by juries" in personal injury cases in Alabama exceed the $75,000 threshold jurisdictional amount for diversity cases, the amount in controversy is satisfied. Thus, this case

is removable since there is complete diversity of citizenship and the jurisdictional amount in controversy exceeds $75,000.

WHEREFORE, Beverly Enterprises-Alabama, Inc. removes this cause to this Court pursuant to 28 USC §§ 1332 and 1441.

Respectfully submitted:

W. BENJAMIN BROADWATER (BRO150)
ANDREW C. CLAUSEN (CLA044)
Attorneys for defendant Beverly Healthcare Services d/b/a Beverly Enterprises-Alabama, Inc.

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602
(251) 432-1600
(251) 432-1700 (fax)

CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on counsel for all parties by depositing a copy of same in the United States mail, properly addressed and first class postage prepaid:

Nick Wooten, Esq.
WOOTEN LAW FIRM, P.C.
Post Office Box 290
Lafayette, Alabama 36862

David J. Hodge, Esq.
PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

Done this 7th day of January 2008.

COUNSEL

ELECTRONICALLY FILED
12/4/2007 3:56 PM
CV-2007-900032.00
CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA
CHARLES STORY, CLERK

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

CIVIL ACTION NUMBER: ___________________

EMMA GIACOMO, by and through her son and next friend, GEORGE ALFORD,

Plaintiff,

vs.

BEVERLY HEALTHCARE SERVICES d/b/a BEVERLY ENTERPRISES-ALABAMA, INC. , a business entity; **No. 1**, whether singular or plural, that entity or those entities, that individual or those individuals who or which were involved in the occurrences made the basis of this lawsuit; **No. 2,** whether singular or plural, that entity or those entities, that individual or those individuals who or which negligently, wantonly, and/or willfully failed to properly care for the plaintiff on the occasions made basis of this lawsuit; **No. 3**, whether singular or plural, that entity or those entities, that individual or those individuals who or which was responsible for the supervision and training of employees of Beverly Healthcare, at the time of the occurrences made the basis of plaintiff's complaint; **No. 4**, whether singular or plural, that entity or those entities, that individual or those individuals who or which provided any insurance coverage, of whatever kind or character, for any of the named defendants or fictitious party defendants listed or named herein; **No. 5,** whether singular or plural, that entity or those entities, that individual or those individuals who or which was the employer, principal and/or supervisor of the employee that negligently, wantonly, and/or willfully failed to properly care for the plaintiff on the occasions made basis of this lawsuit; **No. 6,** whether singular or plural, that entity or those entities, that individual or those individuals that negligently trained, supervised or hired the employee involved in this lawsuit; **No. 7,** whether singular or plural, that entity or those entities, that individual or those individuals, whose outrageous conduct caused the injuries to the plaintiff on the occasions made the basis of this lawsuit; **No. 8,** whether singular or plural, that entity or those entities, that individual or those individuals that failed to properly care for the plaintiff on the occasions made basis of this lawsuit; **No. 9,** whether singular or plural, that entity or those entities, that individual or those individuals which undertook to provide security services on the occasions made the basis of this lawsuit; **No. 10,** whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 11,** whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above. **No. 12**, whether singular or plural, that entity or those entities, that individual or those individuals other than those entities described above, whose outrageous, intentional, reckless, or other wrongful conduct contributed to cause the occurrences made the basis of this lawsuit. **No. 13,** whether singular or plural, that entity or those entities, that individual or those individuals which negligently, willfully, and/or wantonly failed to remedy and/or prevent the negligent, willful, and/or wanton conduct of the Defendants which caused the injuries to plaintiff on the occasions made the basis of this lawsuit. Plaintiff avers that the identities of the fictitious party defendants herein are otherwise unknown to plaintiff at this time or, if their names are known to



EXHIBIT 1

plaintiff, their identities as proper party defendants are not known to plaintiff at this time, and their true names will be substituted by amendment when ascertained,

Defendants.

**COMPLAINT**

1. The plaintiff, EMMA GIACOMO, is an individual over the age of nineteen (19) years and is a resident citizen of Chambers County, Alabama.

2. The defendant, BEVERLY HEALTHCARE SERVICES d/b/a BEVERLY ENTERPRISES-ALABAMA, INC., is a corporation with its principal place of business in Chambers County, Alabama.

3. Through December 3, 2007 EMMA GIACOMO, was a resident at Beverly Healthcare Services, Inc. in Lanett, Alabama. During the time that the plaintiff was a resident of the facility, EMMA GIACOMO was under the care of BEVERLY HEALTHCARE SERVICES d/b/a BEVERLY ENTERPRISES-ALABAMA, INC., and one or more of the fictitious party defendants listed and described in the caption hereinabove who undertook to and did provide medical services to EMMA GIACOMO.

4. During said period of time, and at said place, the Defendants, BEVERLY HEALTHCARE SERVICES d/b/a BEVERLY ENTERPRISES-ALABAMA, INC., and one or more of the fictitious party defendants listed and described in the caption hereinabove, negligently and wantonly provided medical services to EMMA GIACOMO and negligently and wantonly breached acceptable standards of practice in providing such medical services.

5. Specifically, while under defendants' care, EMMA GIACOMO was caused to develop a large decubitus ulcer to her sacral area and to become dehydrated and to develop a severe kidney infection. Said defendants negligently or wantonly failed to diagnose, treat, monitor and request physician intervention for EMMA GIACOMO.

6. BEVERLY HEALTHCARE SERVICES d/b/a BEVERLY ENTERPRISES-ALABAMA, INC. is liable under the doctrine of respondeat superior for the negligence of its nurses, agents, and/or employees who failed to identify, monitor, and properly treat Emma Giacomo's condition.

7. EMMA GIACOMO, by and through her son and next friend, George Alford, alleges that the conduct of each of the named defendants and also the above-described defendants 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13, combined and concurred, and proximately caused the injuries complained of in this case.

12. The aforesaid wrongful, negligent and/or wanton conduct of the Defendants, combined and concurred, proximately causing EMMA GIACOMO to be injured and damaged as follows:

(a) Plaintiff sustained a large decubius ulcer to the sacral area.

(b) Plaintiff was caused to become dehydrated.

(c) Plaintiff was caused to develop a severe infection causing kidney failure.

(d) Plaintiff was caused and will be caused in the future to expend large sums of money for her medical care and treatment.

(c) Plaintiff was permanently injured.

(d) Plaintiff suffered and continues to suffer from extreme pain and emotional disstress.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly and severally, including the fictitious party defendants, to be determined by a jury, together with interest from the date of injury, and the costs of this proceeding. Further, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff and against each defendant, and that it award punitive damages to plaintiff in an amount which will adequately reflect the enormity of the defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

Respectfully submitted,

/S/ Nick Wooten
Nick Wooten (Woo084)
David J. Hodge (HOD016)
Attorney for Plaintiff

OF COUNSEL:

WOOTEN LAW FIRM, P.C.
P.O. Box 290
Lafayette, Al. 36862
(334) 864 2132
(334) 864 2133

PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 326-2711 facsimile

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a struck jury for the trial of this case.

/s/ Nick Wooten
Of Counsel for Plaintiff

**REQUEST FOR SERVICE**

Pursuant to Alabama Rules of Civil Procedure, 4.1 and 4.2, plaintiff requests that the foregoing Summons & Complaint be served by certified mail.

/s/ Nick Wooten
Of Counsel for Plaintiff

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:

BEVERLY ENTERPRISES-ALABAMA, INC.
c/o CSC LAWYERS INCORPORATING SVC INC
150 S. Perry St.
Montgomery, AL 36104

Beverly Healthcare Services Lanett
702 S 13th Street
Lanett, AL 36863




**AlaFile E-Notice**

**12-CV-2007-900032.00**

To: BEVERLY ENTERPRISES-ALABAMA, INC.
C/O CSC LAWYERS INCORPORA
150 S. PERRY ST.
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA**

**EMMA GIACOMO ET AL v. BEVERLY ENTERPRISES-ALABAMA, INC. ET AL**
**12-CV-2007-900032.00**

The following complaint was FILED on 12/4/2007 3:56:29 PM

Notice Date: 12/4/2007 3:56:29 PM

**CHARLES STORY**
**CIRCUIT COURT CLERK**
CHAMBERS COUNTY, ALABAMA
2 LAFAYETTE STREET
LAFAYETTE, AL 36862

334-864-4348
charles.story@alacourt.gov

EXHIBIT
tabbies
2

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>12-CV-2007-900032.00 |
|---|---|---|

**IN THE CIVIL COURT OF CHAMBERS, ALABAMA**

**EMMA GIACOMO ET AL v. BEVERLY ENTERPRISES-ALABAMA, INC. ET AL**

**NOTICE TO** BEVERLY ENTERPRISES-ALABAMA, INC., C/O CSC LAWYERS INCORPORA 150 S. PERRY ST., MONTGOMERY AL, 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY NICHOLAS WOOTEN

WHOSE ADDRESS IS P.O. BOX 290, LAFAYETTE AL, 36862

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of EMMA GIACOMO pursuant to the Alabama Rules of the Civil Procedure

12/4/2007 3:56:29 PM
Date

/s CHARLES STORY
Clerk/Register

By

☑ Certified mail is hereby requested

/s NICHOLAS WOOTEN
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______

______ in ______ County, Alabama on ______

______
Date

______
Server's Signature

**12-CV-2007-900032.00**

EMMA GIACOMO ET AL v. BEVERLY ENTERPRISES-ALABAMA, INC. ET AL

C001 - EMMA GIACOMO v. D001 - BEVERLY ENTERPRISES-ALABAMA, INC.

**Plaintiff** **Defendant**

12-CV-2007-900032.00 D001

**SERVICE RETURN COPY**

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>12-CV-2007-900032.00 |
|---|---|---|

**IN THE CIVIL COURT OF CHAMBERS, ALABAMA**

**EMMA GIACOMO ET AL v. BEVERLY ENTERPRISES-ALABAMA, INC. ET AL**

**NOTICE TO** BEVERLY HEALTHCARE SERVICES LANETT, 702 S 13TH STREET, LANETT AL, 36863

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY NICHOLAS WOOTEN

WHOSE ADDRESS IS P.O. BOX 290, LAFAYETTE AL, 36862

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of EMMA GIACOMO pursuant to the Alabama Rules of the Civil Procedure

| 12/4/2007 3:56:29 PM | /s CHARLES STORY | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested

/s NICHOLAS WOOTEN
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________________

____________________ in ____________________ County, Alabama on ____________________

| ____________________ | ____________________ |
|---|---|
| Date | Server's Signature |

**12-CV-2007-900032.00**

EMMA GIACOMO ET AL v. BEVERLY ENTERPRISES-ALABAMA, INC. ET AL

| C001 - EMMA GIACOMO | v. | D002 - BEVERLY HEALTHCARE SERVICES LANETT |
|---|---|---|
| **Plaintiff** | | **Defendant** |


12-CV-2007-900032.00 D002

**SERVICE RETURN COPY**

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93 Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>12-CV-200<br>Date of Filing:<br>12/04/2007 |
|---|---|---|

ELECTRONICALLY FILED
12/4/2007 3:56 PM
CV-2007-900032.00
CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA
CHARLES STORY, CLERK

## GENERAL INFORMATION

**IN THE CIRCUIT OF CHAMBERS COUNTY, ALABAMA**
**EMMA GIACOMO ET AL v. BEVERLY ENTERPRISES-ALABAMA, INC. ET AL**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☑ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: ____________

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ **INITIAL FILING** A ☐ **APPEAL FROM DISTRICT COURT** O ☐ **OTHER**

R ☐ **REMANDED** T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT** ____________

**HAS JURY TRIAL BEEN DEMANDED?** ☑ **Yes** ☐ **No**

**RELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:** WOO084 12/4/2007 3:55:28 PM /s NICHOLAS WOOTEN

**MEDIATION REQUESTED:** ☐ **Yes** ☐ **No** ☑ **Undecided**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

**EMMA GIACOMO**, *
by and through her son and next friend, *
GEORGE ALFORD, * NO. ______________
Plaintiff, *
vs. *
BEVERLY HEALTHCARE SERVICES *
d/b/a BEVERLY ENTERPRISES-
ALABAMA, INC., et al.
Defendants.

**AFFIDAVIT OF HOLLY RASMUSSEN JONES**

Before me, the undersigned authority, personally appeared Holly Rasmussen Jones, who first being duly sworn, deposes and states as follows:

1. I am over nineteen (19) years of age and hereby provide this affidavit of my own free will, without duress or coercion.

2. I have personal knowledge of the facts contained in this affidavit and/or have reviewed business records created by Beverly Enterprises-Alabama, Inc. and/or maintained by Beverly Enterprises-Alabama, Inc. in the ordinary course of business to obtain the facts contained in this Affidavit.

EXHIBIT
tabbies
3

3. I hereby certify that the correct name of the nursing facility named as defendant in this matter is Beverly Enterprises-Alabama, Inc. d/b/a Beverly Healthcare-Lanett.

4. I hereby certify that Beverly Enterprises-Alabama, Inc. is a corporation established under the laws of California.

5. I further certify that, at all times pertinent hereto, Beverly-Enterprises, Alabama Inc. had is principal place of business in Forth Smith, Arkansas or Fresno, California.

Further Affiant saith naught.

Holly Rasmussen Jones
Secretary
Beverly Enterprises-Alabama, Inc.

STATE OF ARKANSAS
COUNTY OF SEBASTIAN

SWORN to and SUBSCRIBED before me on this the 26th day of December, 2007.

NOTARY PUBLIC
My Commission Expires: 8-30-2014

JONNA N. DANCER NOTARY PUBLIC SEBASTIAN COUNTY, STATE OF ARKANSAS




## Corporate Details

INITIATE NEW BROWSE

F/C 882-766

| | |
|---|---|
| Corporation Legal Name: | Beverly Enterprises-Alabama, Inc. |
| State Of Inc: | California |
| Qualified...: | 07-12-1982 |
| Date Of Inc.: | * Not On Data Base |
| Reg Agent...: | CSC LAWYERS INCORPORATING SVC INC<br>150 S PERRY ST<br>MONTGOMERY, AL 36104 |
| Prin Address: | 873 S FAIR OAKS AVE<br>PASADENA, CA 91105 |
| Nat Of Bus..: | NURSING HOMES |

TRANSACTION LIST




PREVIOUS PAGE

ISDWebServices

Statements/Policies | info.alabama.gov | alabama.gov | Contact Us

EXHIBIT 4

C
Billingsley v. McWhorter Farms, LLC
M.D.Ala.,2007.
Only the Westlaw citation is currently available.
United States District Court,M.D. Alabama,Eastern Division.
Luther L. BILLINGSLEY, Plaintiff,
v.
McWHORTER FARMS, LLC, et al., Defendants.
**No. 3:06-CV-795-WKW.**

April 25, 2007.

David Morrison Cowan, Mann Cowan & Potter PC, Birmingham, AL, Richard Keith Thomas, R. Keith Thomas, LLC, Tuskegee, AL, for Plaintiff.
Steven Keith Herndon, Jack B. Hinton, Jr., Gidiere, Hinton, Herndon & Christman, Montgomery, AL, Lea Richmond, IV, Thomas Lee Oliver, II, Carr Allison Pugh Howard Oliver & Sisson PC, Birmingham, AL, for Defendants.

***MEMORANDUM OPINION AND ORDER***

W. KEITH WATKINS, United States District Judge.

***1** Before the court is the Plaintiff's Motion to Remand (Doc. # 10) this action to state court. For the reasons that follow, the motion is due to be GRANTED.

## I. FACTS AND PROCEDURAL HISTORY

On March 14, 2006, Luther L. Billingsley ("Billingsley") was involved in an accident on Interstate 85 with Michael L. Adkins ("Adkins"), a truck driver employed with McWhorter Farms, LLC ("McWhorter"). Billingsley claims that "Defendant Adkins negligently and/or wantonly caused or allowed [his] vehicle to collide with a motor vehicle being driven by Billingsley."(Compl.¶ 6.) Billingsley also brought suit against Lifestar Response of Alabama, Inc., d/b/a Car Ambulance ("Lifestar"). In his complaint, Billingsley alleges that:

Following the accident made the basis of this suit, the Plaintiff Billingsley was attended to by ambulance personnel employed by Defendant Lifestar. During the time said Billingsley was being attended to by said employees of Lifestar, Billingsley was attended to and/or transported in such a way so as to cause and/or contribute to cause the pain and/or injuries that were suffered by Billingsley in the wreck made the basis of this suit.

(Compl.¶ 7.)

Billingsley originally filed this action against Lifestar, McWhorter, Adkins, and various fictitious defendants in the Circuit Court of Macon County, Alabama.[FN1] It is undisputed that Billingsley and Lifestar are citizens of Alabama, and Adkins is a citizen of Kentucky. Defendants have correctly asserted that McWhorter's citizenship is the citizenship of all of its members. Because there is only one member of the limited liability company, and he is a resident of Kentucky, McWhorter is therefore a citizen of Kentucky. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir.2004) (holding that for purposes of diversity jurisdiction, a limited liability company's citizenship is the citizenship of its members).

FN1. Fictitious defendants are not permitted in federal cases, and as such the citizenship of the fictitious defendants are ignored for purposes of federal diversity jurisdiction. *See New v. Sports & Rec., Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir.1997).

On September 5, 2006, McWhorter and Adkins (collectively "defendants") removed this case to the Middle District of Alabama pursuant to 28 U.S.C. § 1441. Defendants based removal upon their collective assertion of federal subject matter jurisdiction under 28 U.S.C. § 1332. Defendants argue that Billingsley fraudulently joined Lifestar, an Alabama corporation, to purposefully defeat original federal jurisdiction. Billingsley then filed the instant motion to remand.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). Thus, with respect to motions to remand cases removed to this Court pursuant to 28 U.S.C. § 1441, the law of this Circuit favors remand

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."*Id.*

***2** In determining whether to remand a case, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff."*Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997) (citation omitted). These determinations should be "based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties."*Id.*

## III. DISCUSSION

"In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court."*Crowe,* 113 F.3d at 1538. "[A] third situation of fraudulent joinder was identified-i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant."*Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998) (citation omitted). Defendants argue only the first prong of *Crowe.*They contend that Billingsley is foreclosed from maintaining an action against Lifestar under the heightened pleading requirements of the Alabama Medical Liability Act ("AMLA").Ala.Code § 6-5-541 (1975).

"The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court."*Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368, 1380 (11th Cir.1998)."The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate."*Triggs,* 154 F.3d at 1287. "[A]ny ambiguity or doubt about the substantive state law favors remand to state court."*Crowe,* 113 F.3d at 1539. The question that this court must answer is whether Billingsley has the possibility of stating a valid cause of action against Lifestar. The court finds that he does.

Defendants label Billingsley's cause of action against Lifestar as one arising under the AMLA. Additionally, because the action allegedly arose under the AMLA, defendants argue that Billingsley has failed to state a cause of action because he did not plead his case with specificity. The AMLA governs most theories of legal liability against health care providers in Alabama. Section 6-5-542 defines health care provider as "[a] medical practitioner, dental practitioner, medical institution, physician, dentist, hospital, or other health care provider as those terms are defined in Section 6-5-481."Ala.Code § 6-5-542(1) (1975). Further, the term "other health care provider" is defined as "[a]ny professional corporation or any person employed by physicians, dentists, or hospitals who are directly involved in the delivery of health care services."Ala.Code § 6-5-481 (1975). Noticeably absent in the Alabama statute and precedent is the inclusion of ambulance services.

***3** Defendants do not cite, nor can the court find, any published Alabama opinion holding that an action against an ambulance service is governed by the AMLA. Defendants cite various cases holding that pharmacists, nursing homes, etc., are health care providers, but no case mentions ambulance services. Defendants implicitly argue that this case should be decided on the merits as to Lifestar. However, the court's duty at this stage is to determine whether there is a possibility that an Alabama court could find that plaintiff's complaint states a claim against Lifestar. This appears to be an issue of first impression, and because Alabama law is unsettled, this case is one that should be remanded. *See Florence v. Crescent Resources, LLC,* --- F.3d ----, 2007 WL 1138393 (11th Cir. Apr. 18, 2007) (remand is appropriate when state law is unsettled as to an issue in the complaint).

Defendants' contentions that Billingsley fails to plead a cause of action under the AMLA with specificity is also an issue for Alabama state courts. If it is later determined that ambulance services are not included within the AMLA, then simple notice pleading is required, and defendants' contention that Billingsley failed to comply with the heightened pleading standard of the AMLA is moot.

Because there is a lack of complete diversity between the parties, the question whether the amount in controversy is above $75,000 will not be considered.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**IV. CONCLUSION**

For the foregoing reasons, defendants have not met their burden of establishing fraudulent joinder. It is hereby ORDERED that:

1. Billingsley's Motion to Remand (Doc. # 10) is GRANTED;

2. This case is REMANDED to the Circuit Court of Macon County, Alabama;

3. The Clerk is DIRECTED to take appropriate steps to effect the remand; and

4. Any pending motions are left for resolution by the Circuit Court of Macon County, Alabama.

M.D.Ala.,2007.
Billingsley v. McWhorter Farms, LLC
Slip Copy, 2007 WL 1219724 (M.D.Ala.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003086
Cashier ID: cstrecke
Transaction Date: 01/08/2008
Payer Name: ALFORD CLAUSEN MCDONALD

---

CIVIL FILING FEE
For: ALFORD CLAUSEN MCDONALD
Case/Party: D-ALM-3-08-CV-000019-001
Amount: $350.00

---

CHECK
Remitter: ALFORD CLAUSEN
Check/Money Order Num: 20029877
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00